# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WIEBELHAUS, and SHARON WIEBELHAUS, <br><br> Plaintiffs, <br><br> vs. <br><br> BIOMET, INC., and BIOMET ORTHOPEDICS, LLC, <br><br> Defendants. | 8:15-CV-291 <br><br> ORDER |

This matter comes before the Court on Defendants' Motion for Extension of Time to File Response to Plaintiffs' Motion to Qualify Experts. Filing 197.

On October 29, 2019, Plaintiffs filed a Motion for Rule 702 Order Qualifying Plaintiffs' Experts. Filing 192. Instead of responding to Plaintiffs' Motion, Defendants filed their Motion for Extension of Time claiming that Plaintiffs' request to qualify experts was premature because discovery is still ongoing in this case. Filing 197 at 1.

The Court previously issued a scheduling order setting the filing deadline for motions to exclude testimony on *Daubert* and related grounds for July 17, 2020. Filing 189 at 2. Furthermore, prior to remand, the multidistrict litigation panel judge addressed the admissibility under Fed. R. Evid. 702 of two of the witnesses Plaintiffs seek to now qualify as experts, George S. Kantor, M.D., and Mari Truman, M.S.M.E., P.E. Filing 155 at 8-9. The multidistrict litigation panel judge refrained from ruling on the admissibility of these experts' testimony under Rules 401, 403, 703, or any other rule. Filing 155 at 9.

Defendants seek an extension until July 17, 2020 (the *Daubert* motions deadline), to respond to Plaintiffs' motion to qualify experts. Filing 197 at 3. Defendants further argue that

Plaintiffs' motion also seeks preliminary rulings regarding the admissibility and manner of presentation of evidence which should be reserved for a motion in limine immediately prior to trial. [Filing 201 at 6-7](Filing 201 at 6-7).

Plaintiffs counter that their motion seeking qualification of experts under Rule 702 is not premature because discovery has already been completed with respect to the witnesses it seeks to qualify as experts. [Filing 200 at 3-4](Filing 200 at 3-4). Plaintiff does not address Defendants' argument that its motion is premature to the extent it seeks evidentiary rulings on the admissibility of evidence on grounds other than expert qualification or the presentation of evidence by video testimony.

The Court finds nothing in its prior orders or the Rules of Evidence which would prevent Plaintiffs from seeking qualification of their witnesses under Rule 702 at this time. In accordance with the previously issued scheduling order, Filing 198, Defendants are ordered to respond to Plaintiffs' Motion to Qualify Experts on or before December 11, 2019. Plaintiffs may file a reply seven days after Defendants' response. Upon review of the briefing, the court will then determine whether the motion should be ruled upon in whole or in part at this time.

IT IS THEREFORE ORDERED:

1. Defendants' Motion for Extension of Time to File Response to Plaintiffs' Motion to Qualify Experts, [Filing 197](Filing 197), is denied;

2. Defendants are ordered to respond to Plaintiffs' Motion to Qualify Experts, [Filing 192](Filing 192), on or before December 11, 2019;

3. Plaintiffs may file a reply seven days after Defendants' response to Plaintiffs' Motion to Qualify Experts.

Dated this 26th day of November, 2019.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge